1   **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                      **FOR THE DISTRICT OF ARIZONA**

8

9   Andrea Brooks, et al.,                    No. CV-23-08035-PCT-DWL

10                  Plaintiffs,                **ORDER**

11  v.

12  Dhillon Brothers Incorporated, et al.,

13                  Defendants.

14

15          The Court has an independent obligation to determine whether it has subject-matter

16  jurisdiction.  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).  Pursuant to

17  Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any

18  time that it lacks subject-matter jurisdiction, the court must dismiss the action."

19          Diversity jurisdiction exists when there is complete diversity of citizenship between

20  the plaintiffs and the defendants and the amount in controversy exceeds $75,000, exclusive

21  of interests and costs.  28 U.S.C. § 1332.  A controversy meets this requirement when "all

22  the persons on one side of it are citizens of different states from all the persons on the other

23  side."  *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

24          The party seeking to invoke diversity jurisdiction has the burden of

25  proof, *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986), by a preponderance of the

26  evidence.  *McNatt v. Allied-Signal, Inc.*, 972 F.2d 1340 (9th Cir. 1992); *see* 13B Federal

27  Practice § 3611 at 521 & n. 34.  "Absent unusual circumstances, a party seeking to invoke

28  diversity jurisdiction should be able to allege affirmatively the actual citizenship of the

1    relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

2          Plaintiffs bring this action asserting diversity as the sole basis of the Court's subject

3    matter jurisdiction. (Doc. 1 ¶ 1.) Plaintiffs attempted to allege the citizenship of the parties

4    by alleging that Plaintiffs are "residents" of Texas and Defendant Jagjiwan Singh ("Singh")

5    is a "resident" of California. (*Id.*) As to individual natural persons, an allegation about an

6    individual's residence does not establish his or her citizenship for purposes of establishing

7    diversity jurisdiction. "It has long been settled that residence and citizenship [are] wholly

8    different things within the meaning of the Constitution and the laws defining and regulating

9    the jurisdiction of the . . . courts of the United States; and that a mere averment of residence

10   in a particular state is not an averment of citizenship in that state for the purpose of

11   jurisdiction." *Steigleder v. McQuesten,* 198 U.S. 141, 143 (1905). "To be a citizen of a

12   state, a natural person must first be a citizen of the United States. The natural person's

13   state citizenship is then determined by her state of domicile, not her state of residence. A

14   person's domicile is her *permanent* home, where she resides with the intention to remain

15   or to which she intends to return." *Kanter,* 265 F.3d at 858-59 (emphasis added) (citations

16   omitted).

17         Plaintiffs must amend the Complaint to allege the citizenship of the individual

18   natural persons who are parties to this lawsuit.[1] *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d

19   606, 612 (9th Cir. 2016) ("Courts may permit parties to amend defective allegations of

20   jurisdiction at any stage in the proceedings.").

21         To ensure that the requirements of subject-matter jurisdiction are met, the Court will

22   require Singh to file a notice informing the Court of his state of domicile.

23         Accordingly,

24         **IT IS ORDERED** that Singh shall file a notice informing the Court of his state of

25   domicile by **May 4, 2023**.

26         **IT IS FURTHER ORDERED** that Plaintiffs shall file an amended complaint

27

28   _____
     [1]     This amended complaint pursuant to court order will not affect Plaintiffs' right
     under Rule 15(a)(1) to later amend once as a matter of course, if they choose to do so. *See,
     e.g.*, *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1006-09 (9th Cir. 2015).

properly stating a jurisdictional basis for this action no later than **May 11, 2023**.

      **IT IS FURTHER ORDERED** that if Plaintiffs fail to timely file an amended complaint, the Clerk of the Court shall dismiss this case, without prejudice, for lack of subject matter jurisdiction.

      Dated this 27th day of April, 2023.

Dominic W. Lanza
United States District Judge

- 3 -