**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrea Brooks, et al., | No. CV-23-08035-PCT-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Dhillon Brothers Incorporated, et al., | |
| Defendants. | |

Plaintiffs have failed to properly allege facts establishing that this Court has subject-matter jurisdiction, and therefore this action is dismissed without prejudice for lack of subject-matter jurisdiction.

The Court has an independent obligation to determine whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Diversity jurisdiction exists when there is complete diversity of citizenship between the plaintiffs and the defendants and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. A controversy meets this requirement when "all the persons on one side of it are citizens of different states from all the persons on the other side." *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

The party seeking to invoke diversity jurisdiction has the burden of proof, *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986), by a preponderance of the

evidence.  *McNatt v. Allied-Signal, Inc.*, 972 F.2d 1340 (9th Cir. 1992); *see* 13B Federal Practice § 3611 at 521 & n. 34.  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

On February 14, 2023, Plaintiffs filed the complaint, asserting diversity as the sole basis of the Court's subject-matter jurisdiction.  (Doc. 1 ¶ 1.)  In the "Jurisdiction and Venue" section of the complaint, Plaintiffs alleged that they are "residents" of Texas and Defendant Jagjiwan Singh ("Singh") is a "resident" of California.  (*Id.*)  In the "Parties" section of the complaint, Plaintiffs allege that they "at all times relevant hereto resided at" a specific Texas address and that Singh "is an individual living in California" who "may be served at his residence" in California.  (*Id.* ¶¶ 3-4, 6.)

On April 25, 2023, this case was reassigned to the undersigned judge.  (Doc. 27.)

On April 27, 2023, the Court issued an order noting that the jurisdictional allegations in the complaint regarding the parties who are natural individuals were inadequate because the allegations focused on where the parties resided, rather than where they were domiciled:

> Plaintiffs attempted to allege the citizenship of the parties by alleging that Plaintiffs are "residents" of Texas and [Singh] is a "resident" of California. (*Id.*)  As to individual natural persons, an allegation about an individual's residence does not establish his or her citizenship for purposes of establishing diversity jurisdiction.  "It has long been settled that residence and citizenship [are] wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the . . . courts of the United States; and that a mere averment of residence in a particular state is not an averment of citizenship in that state for the purpose of jurisdiction." *Steigleder v. McQuesten,* 198 U.S. 141, 143 (1905).  "To be a citizen of a state, a natural person must first be a citizen of the United States.  The natural person's state citizenship is then determined by her state of domicile, not her state of residence.  A person's domicile is her *permanent* home, where she resides with the intention to remain or to which she intends to return." *Kanter,* 265 F.3d at 858-59 (emphasis added) (citations omitted).

(Doc. 33 at 2.)

The Court ordered Plaintiffs to "file an amended complaint properly stating a jurisdictional basis for this action no later than **May 11, 2023,**" in which Plaintiffs were required "to allege the citizenship of the individual natural persons who are parties to this

lawsuit." (*Id.* at 2-3.)  To ensure that the requirements of subject-matter jurisdiction were met, the Court ordered Singh "to file a notice informing the Court of his state of domicile" before the deadline for Plaintiffs to file their amended complaint, thereby obviating any need for Plaintiffs to plead Singh's state of domicile on information and belief.  (*Id.*)

On May 4, 2023, Singh filed a notice informing the Court that he "is currently domiciled in California."  (Doc. 34.)

On May 10, 2023, Plaintiffs filed an amended complaint.  (Doc. 38.)  In the "Jurisdiction and Venue" section of the amended complaint, Plaintiffs again allege that they are "residents" of Texas and Singh is a "resident" of California.  (*Id.* ¶ 1.)  In the "Parties" section of the amended complaint, Plaintiffs again allege that they "at all times relevant hereto resided at" a specific Texas address.  (*Id.* ¶¶ 3-4.)  The only amendment in the amended complaint pertains to Singh; the amended complaint alleges that he is "domiciled in California."  (*Id.* ¶ 6.)

Plaintiffs failed to allege jurisdictional facts in the complaint as to their state of domicile and subsequently failed to allege those facts in their amended complaint, even after being told why their initial allegations were deficient.  These failures suggest that the Court lacks subject-matter jurisdiction such that the case must be dismissed without prejudice.

Accordingly,

**IT IS ORDERED** that this action is dismissed without prejudice for lack of subject-matter jurisdiction.  The Clerk is directed to terminate the action.

Dated this 8th day of June, 2023.

Dominic W. Lanza
United States District Judge